[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves this court to suppress as evidence all statements made by him to law enforcement officers, or their agents, claiming various violations of his constitutional and statutory rights as more fully set forth in his motion dated December 1, 1998.
In the early morning hours of August 13, 1997, Hartford police were dispatched to the parking lot of the Suisse Chalet motel on Brainard Road, Hartford, in connection with an investigation into a delivery of a large quantity of marijuana to that area. As a result of this investigation, the defendant was taken into custody at the scene at approximately 5:00 A.M. and taken to the headquarters of Troop H, Connecticut State Police, 500 Washington Street, Hartford.
It is not in dispute that the defendant was in custody and subject to police interrogation, thus mandating advisement of his constitutional rights pursuant to Miranda v. Arizona,384 U.S. 436 prior to his giving an inculpatory written statement to Detective Roberto Diaz at approximately 9:30 A.M.
At approximately 5:45 A.M. that morning, Detective John Threlfall advised the defendant of his rights using a "Notice of Rights" form of the Superior Court. (States Exhibit #1). The detective read each right to the defendant who also read them and wrote his initials next to each warning. By his own testimony at the suppression hearing, the defendant admits that he understood his rights. There being no written waiver on the Notice of Rights form, no written waiver was obtained.
The defendant argues that the rights enumerated on the Notice of Rights form are not the same as those of the Connecticut State Polices warning and waiver form (Defendants Exhibit A), and that the difference is so significant that States Exhibit #1 constitutes a misleading portrayal of the Miranda warnings and thus the defendant was not properly advised.
An examination of the Notice of Rights form reveals that the Miranda warnings were adequately expressed therein. It is true that the form does not contain language that specifically CT Page 2735 indicated that if an accused agreed to answer questions he would have the right to stop answering questions at any time. Our Supreme Court addressed this situation in State v. Cobbs,164 Conn. 402, 418 as follows:
 "The Miranda opinion does not conclude that explanation to an accused of this requirement for a police cutoff of questioning is an integral part of the required initial warning requisite to a valid waiver. There can be no doubt that, if the accused indicates in some way that he wishes questioning to cease, the interrogation must end. This requirement is directive only and is not a required warning under Miranda but is instead a caveat to the police that if an accused wishes to stop answering questions the police have a duty to close the interrogation." (Internal citation omitted.)
The court finds that the defendant was properly advised of his Miranda rights and that he understood their meaning.
With respect to the waiver of these rights by the defendant, Detective Diaz, who "earlier on August 13, 1997 witnessed the advisement of rights given the defendant by Detective Threlfall, testified that later that morning he approached the defendant and asked him if he would like to give a statement. The defendant said that he would and went on to indicate, according to Diaz, that he "would be more than happy to say his involvement" in the crime. The interview and taking of the statement took approximately 30 minutes. Contrary to the detectives testimony, the defendant testified that he never waived his rights and that he asked if he could call both an attorney and the person taking care of his children at that time. The defendant, who has four felony convictions, further testified that Detective Diaz told him that he would get to make a call if he gave him a statement, an assertion that Detective Diaz denied.
On the basis of the more credible evidence, the court finds that the defendant agreed to give a written statement and that at no time did the defendant request to call an attorney before or during the interview with Detective Diaz. The court further finds no credible evidence that any police official intimidated, threatened, harassed, deceived or psychologically manipulated the defendant nor is there any evidence that the defendant was under the influence of any controlled substance or suffering from any mental illness on August 13, 1997. CT Page 2736
This court doubts that this defendant, a man with considerable familiarity with the arrest process, would be deluded into giving the police a written statement in the belief, as the defense contends, that he was a witness in this case, rather than the target of the investigation, because of the fact that the statement form was headed "Witness Statement of _________."
The defendant cites State v. Thompson, 5 Conn. App. 157
(1985), a case in which the defendant was given Miranda warnings which he said he understood. He then signed a form entitled "Notification of Rights" which did not contain any language relating to waiver of those rights and then proceeded to give a written statement to a police officer. The Appellate Court overruled the trial court which had found that the defendant had knowingly and voluntarily waived his rights prior to giving the statement.
Although there are some factual similarities between this case and Thompson, there are also significant differences between these two cases. In Thompson, the Appellate Court noted "the defendants difficulties communicating with counsel and the court and his foreign cultural background as suggestive of a lack of true understanding of the significance of his conduct while with [the interviewing police officer]. In addition, there is no indication that he was at all familiar with interrogation procedures." State v. Thompson, supra, 168. The court also noted that the record did not disclose evidence of an affirmative act of waiver after warnings were read to the accused. "The most that we can find is the silence of the defendant, which cannot be the sole basis of a finding of waiver." Id.
The "United States Supreme Court [has] held that a waiver of Miranda rights need not be an express statement but may be inferred from the actions or words of the person interrogated." (Citations omitted) State v. Kuskowski, 200 Conn. 82, 88 (1986). See also State v. Wilson, 183 Conn. 280, 284 (1981).
Based on all the evidence submitted and considering the totality of the circumstances surrounding the interrogation of the defendant on August 13, 1997, the court finds that the state has met its burden of proof by a preponderance of the evidence that such statements were made by the defendant after a voluntary, knowing and intelligent, albeit unwritten, waiver of CT Page 2737 his constitutional rights.
Accordingly, there being no violation of the defendants state or federal rights, his motion to suppress is denied.
Barry, J.